**WAYNE GREENWALD, P.C.**
*Attorneys for the Debtor,*
*Roc N Ramen 914 LLC, Debtor*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                              Case No.: 16-22062-RDD

ROC N RAMEN 914 LLC,                               Proceedings for
                                                   Reorganization under
                    Debtor,                  Chapter 11
---------------------------------------------------------X

### THE DEBTOR'S MOTION TO ASSUME A LEASE FOR OFFICE SPACE AT 19 ANDERSON STREET, NEW ROCHELLE, NEW YORK WITH POINTS AND AUTHORITIES

TO:   ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE:

The Debtor, Roc N Ramen 914 LLC ("RNR"), by its attorneys, Wayne Greenwald, P.C. represents:

### PRELIMINARY STATEMENT

1.   RNR asks this Court to enter orders: a.) pursuant to 11 U.S.C § 365(b), Fed.R.Bankr.P. 6006, and Rule 6006-1 of this Court's local rules, authorizing RNR to assume its Lease Agreement, dated August 25, 2014, with A&F Anderson Realty, Inc. (The "Lease" A copy of the Lease is annexed hereto and incorporated herein as Exhibit "A"), affecting 1,000 +/- square feet of the premises located at 19 Anderson Street, New Rochelle, New York 10601 (the "Premises"); and b.) granting such other and further relief as this Court deems just and equitable (the "Motion").

-1-

2. The Motion should be granted because:

   a.) RNR's management exercised its sound and considered business judgment and determined that assuming the Lease is in the best interests of RNR, its creditors and estate;

   b.) in assuming the Lease, RNR retains an affordable and well situated business premises.

   These matters are elucidated herein.

## BACKGROUND, JURISDICTION AND VENUE

3. RNR filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 19, 2016.

4. RNR has been continued in the possession of its property and operation of its business as debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

5. RNR is in the business of owning and operating a ramen restaurant in New Rochelle, New York.

6. No committee of unsecured creditors has been appointed in this case.

7. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

8. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

9. This motion concerns a "public right."

10. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

## THE LEASE

11.  The Lease's essential terms are:

    Space:    1,000 +/- square feet of the premises located at 19 Anderson Street, New Rochelle, New York 10601 .

    Term:    Five years, commencing September 1, 2014, with a five year renewal option

    Rent:    Initial period

| | | |
|---|---|---|
| Year 1 | $2,500 .00per month | $30,000.00 annually |
| Year 2 | $2,500.00 per month | $30,000.00 annually |
| Year 3 | $2,575.00 per month | $30,900.00 annually |
| Year 4 | $2,652.25 per month | $31,827.00 annually |
| Year 5 | $2,731.82 per month | $32,781.81 annually |

Renewal period

| | | |
|---|---|---|
| Year 6 | $2,813,77 per month | $33,765.94 annually |
| Year 7 | $2,898.18 per month | $34,778.16 annually |
| Year 8 | $2,985.13 per month | $35,821.56 annually |
| Year 9 | $3,074.68 per month | $36,896.16 annually |
| Year 10 | $3,166.92 per month | $38,003.14 annually |

    Utilities    Tenant obligation

12.  The Lease is annexed as Exhibit "A."

13.  For a complete understanding of all of the Lease's terms, reading the Lease is suggested.

## RNR'S DECISION TO ASSUME THE LEASE FOR THE PREMISES

14. RNR operates its restaurant at the Premises.

15. Prior to signing the Lease, RNR's management considered other locations for its operations.

16. However, they selected the Premises.

17. RNR finds the Premises functional, the location favorable and the rent manageable.

18. RNR's management does not believe that looking for another location, now, is in RNR's or its creditors' best interests.

19. RNR's management, after due consideration, exercised their business judgment to have RNR assume the Lease.

### *Assuming the Lease Now*

20. Bankruptcy Code § 365(d)(4) gives debtors 120 days to assume executory contracts and leases or to obtain an extension of their time to do so.

21. RNR's 120 day period ends May 18, 2016.

22. RNR does not see the need to extend its time to assume or reject the Lease.

23. RNR knows it wants to keep the Lease for the Premises and is confident of its ability to confirm a plan of reorganization.

24. Nor is the expense of keeping this option open, by moving to extend RNR's time to assume or reject, justified.

25. Assuming the Lease is an important component of RNR's reorganization case

26. Assuming the Lease now makes sense.

27. RNR believes that authorizing it to assume the Lease is in the best interests of RNR, its creditors and estate.

## RNR SHOULD BE AUTHORIZED TO ASSUME THE LEASE

### *Legal Authority*

31. 11 U.S.C. § 365(a) authorizes trustees, subject to the court's approval, to assume or reject debtors' executory contracts and unexpired leases.

32. 11 U.S.C. § 1107(a) extends that power to debtors-in-possession..

33. The general test for considering motions to assume a lease is the business judgment rule. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) (recognizing the "traditional 'business judgment' standard"); *In re Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1046 (4th Cir.1985) *cert. denied,* 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986).

34. A debtor's decision to assume or reject "is to be accorded the deference mandated by the sound business judgment rule as generally applied by courts to discretionary actions or decisions of corporate directors." 756 F.2d at 1046.

35. "Courts should defer to - should not interfere with - decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their 'business discretion.' " 756 F.2d at 1047.

36. RNR determined, after due consideration, that it is in its best interests to assume the Lease now.

37.  RNR's decision should be respected and the Motion granted.

38.  Notice of this Motion is being served on all of this cases' parties in interest and all persons who filed requests for notices under Fed.R.Bankr.P. 2002.

WHEREFORE, RNR asks this Court to grant ths Motion and issue orders: a.) pursuant to 11 U.S.C. § 365(a), authorizing RNR to assume the Lease; and b.) granting such other and further relief as this Court deems proper.

Dated, New York, NY
   April 20, 2016

> WAYNE GREENWALD, P.C.
> *Attorneys for the Debtor,*
> *Roc N Ramen 914 LLC, Debtor*
> 475 Park Avenue South - 26th Floor
> New York, New York 10016
> 212-983-1922
>
> By:   /s/ Wayne M, Greenwald Pres
>         Wayne M. Greenwald