UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                                                                         Case 16:22062 (RDD)

ROC N RAMEN 914 LLC

                                         Debtor,            Chapter 11
------------------------------------------------------------X

### OBJECTION BY CREDITOR/LANDLORD
### A&F ANDERSON REALTY INC.
### TO DEBTOR'S MOTION TO ASSUME
### EXECUTORY LEASE

TO:   HON. ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

       Creditor/Landlord A&F Anderson Realty, Inc., as and for its objection and opposition to the Debtor's motion to assume the executory lease between the parties, by its counsel, Lehrman, Lehrman & Guterman, LLP, represents:

       1. Unstated on the motion is the been a long history of payment problems, in that the Debtor has repeatedly failed to pay the rent due to landlord pursuant to the Lease.  In September 2015, the landlord commenced a non-payment summary proceeding against the Debtor, as regards unpaid rents from May - September 2015, totaling $12,500.00.  Exhibit "A."  On the return of the Petition, the parties entered into a Stipulation of Settlement wherein and whereby tenant agreed to make various payments.  Exhibit "B."

       4. The Debtor breached its obligations under the Stipulation by failing to make the necessary payments, upon which notice was given of the default.  Exhibit "C."  On December 1, 2015, the City Court of New Rochelle issued Judgment and Warrant of Eviction in the landlord's favor.  Exhibit "D."  Pursuant to New York law, the issuance of the Warrant of Eviction

terminated the lease relationship between the parties. *See*, New York Real Property Actions and Proceedings Law §749.

5. Based upon the above, the Lease was terminated even prior to the filing of the Debtor's Chapter 11 Petition, on January 19, 2016. The Debtor's motion to assume the Lease should be denied, as there is no longer a Lease in place to assume.

6. Even if the Court was to find that the Lease remains executory, the Debtor's motion to assume the lease should be denied. Pursuant to 11 U.S.C. 365 (b), the Debtor is required on the motion to either cure the pre-Petition defaults or provide adequate assurances that it will promptly cure the defaults. The Debtor has done neither on this motion.

7. Annexed, as Exhibit "E" is a rental ledger generated by the landlord. At the time that the Debtor filed its Petition, it owed arrears of $10,000.00, for rents through September 2016. An additional month's rent came due prior to the actual return date of the Petition, which increased the amount due to $12,500.00.

8. At the time the Debtor filed its Chapter 11 Petition, rents for November through January also came due, thereby totaling $19,032.00.[1] The Debtor's motion does not address the payment of the $19,032.00, in pre-Petition rent.

9. The Debtor has paid $2,500.00 each month for post-Petition rents through April 2016, but has not paid the additional amounts billed for real estate taxes and water bills.

10. In addition, the motion is deficient. Although a motion to assume should be determined by reference to the Business Judgment Rule, it remains that the motion must state a

---

[1] This figure includes only $1,532.00, for January, being the pre-Petition portion for that month.

minimum factual predicate upon which it is based.  Here, the motion contains nothing more than factual conclusions.  No particulars of any kind have been presented as regards the analysis made by the Debtor.  The motion does not demonstrate that a real analysis has been made.  While it may be that the Debtor's conclusion is correct, the Debtor's methodology in arriving at that conclusion is not discernable anywhere on the motion.

10.  The Court will note that the summary proceeding was commenced based upon default in rents that started in May.  At the Meeting of Creditors, held on February 17, the Debtor candidly admitted that it was a winter-season business, in that its primary menu consisted of various soups.  These were favored in the cold, winter months, but not nearly so in the warmer spring and summer months.  It cannot be ignored that this motion is made at the same time of year as when the Debtor had gone into the prolonged, five month default in the payment of rent that resulted in the commencement of the eviction proceeding.

11.  Despite this, the Debtor has offered nothing to show this Court that the future will be any different from the past.

12.  While the Court's role in the assumption process is limited, it remains that Congress gave the Court the ultimate right to grant or deny the motion.  The Debtor has no unilateral right under the Code to simply assume the Lease, but still needs the Court's permission.  Under these circumstances, the Court should deny the motion.

WHEREFORE, this Court should enter an Order that:  (a) Denies the Debtor's motion to assume the Lease between the parties;  and, (b) Grants such additional and further relief in favor of A&F Anderson Realty, Inc.'s favor as is just and proper.

Dated:        White Plains, New York
                 May 10, 2016

                                    _____
                                      LEHRMAN, LEHRMAN & GUTERMAN, LLP
                                      Attorneys for A&F Anderson Realty, Inc.
                                      *Creditor/Landlord*
                                      199 Main Street, 4th Floor
                                      White Plains, New York   10601
                                      (914)   761-4488
                                      By:   Mark A. Guterman, Esq.